IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIUSZ DOLEGIEWICZ,
Individually and on behalf of
all others similarly
situated,

        Plaintiff,

    v.

U.S. BANK TRUST, N.A., as
Trustee for LSF9 Master
Participation Trust; and
CALIBER HOME LOANS, INC., a
Delaware Corporation,

        Defendants.

Case No. 17 C 4737

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

The Plaintiff, Mariusz Dolegiewicz ("Plaintiff"), defaulted on his mortgage loan by failing to make the required payments and failing to maintain casualty insurance coverage. The loan is owned by U.S. Bank Trust, N.A. ("Trustee") and serviced by Caliber Home Loans, Inc. ("Caliber") (collectively, the "Defendants"). Caliber, as it was authorized to do under the mortgage and note, purchased "lender placed insurance" and ordered periodic property inspections. "Lender placed insurance is exactly what it sounds like: insurance purchased by the lender to provide protection for the mortgaged property.

Plaintiff acknowledges that Defendants were within their rights to obtain insurance and make inspections, but contends that Defendants overcharged him for insurance which he says amounts to an illegal "kickback." The kickbacks, according to the Complaint, were in the form of unearned commissions, false expense reimbursements, payment of reinsurance premiums with no transfer of risk, and performance of services at no charge. Plaintiff also alleges that the Defendants charged him fees for unnecessary inspections, and fees for inspections that did not occur. Based on the forgoing, Plaintiff has filed a five-count putative class action Complaint charging: (1) breach of contract (Count I); (2) implied covenant of good faith and fair dealing (Count II); (3) unjust enrichment (Count III); (4) truth in lending (Count IV); and (5) Federal Debt Collection Practices Act (Count V).

## II. DISCUSSION

### A. Count I – Breach of Contract

Defendant has filed a Motion to Dismiss based in large part on the Seventh Circuit case of *Cohen v. American Security Insurance Co.,* 735 F. 3d 601 (7th Cir. 2015). In this case, the plaintiff, like the Plaintiff here, did not make his mortgage payments and did not maintain casualty insurance on his mortgaged property. The defendant, as the Defendants did here,

obtained lender placed insurance with an affiliate, and charged him for the premiums. As is the case here, the premiums charged were substantially higher than what the plaintiff had been paying. The plaintiff, as does the Plaintiff here, contended that the excessive premium amounted to an illegal kickback. (One difference between *Cohen* and this case is that *Cohen* charged the defendants with statutory consumer, common law fraud, and breach of contract, while the Plaintiff in this case did not charge the Defendants with either type of fraud but only with breach of contract. As we shall see, it doesn't make any difference.)

The Seventh Circuit affirmed the trial court's dismissal for the reason that "[the plaintiff] failed to state any viable claim for relief" which included both fraud and breach of contract. With regard to the plaintiff's allegation that the excessive premium constituted an illegal kickback, the court had this to say:

> But simply calling the commission a kickback doesn't make it one. The examples listed in the foregoing passage from *Johnson* all describe the traditional understanding of a kickback: an agent, charged with acting for the benefit of a principal, accepts something of value from a third party in return for steering the principal's business to the third party. The defining characteristic of a kickback is divided loyalties. But Wachovia was not acting on behalf of Schilke or representing her interests. The loan agreement makes it clear that the insurance

requirement is for *the lender's* protection: "All of these insurance policies and renewals of the policies must include what is known as a **Standard Morgtagee Clause** *to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies* and renewals." (Emphasis added.) The agreement also gives the lender broad discretion to act to protect its own interest in the property: "Lender may do and pay for whatever it deems reasonable or appropriate *to protect the Lender's rights* in the Property." (Emphasis added.) Wachovia's correspondence with Schilke reiterated the point: "Failure to provide [proof of insurance] may result in a policy being purchased by us at your expense to protect our interest." And Wachovia conspicuously reminded Schilke that lender-placed insurance would be much more expensive than her own insurance coverage. Wachovia was not subject to divided loyalties; rather, it was subject to an undivided loyalty to itself, and it made this clear from the start. The commission for the lender-placed insurance was not a kick back in any meaningful sense.

This proved to be important to the Seventh Circuit when it ruled on the claim for breach of contract. First the court noted that plaintiff based his claim of breach by asserting "that there was no prevision in the mortgage agreement allowing Wachovia [the lender] to receive kickbacks." Then it noted that plaintiff's claim "might loosely be read to allege . . . bad faith, but it does not do so plausibly," which put the claim in violation of the plausibility standard explained in *Iqbal* and *Twombly*. *See, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

- 4 -

Here, as in *Cohen,* Defendants had a contractual right to obtain insurance in the event the mortgagor failed to do so. The Plaintiff, the mortgagor here, did not do so after multiple notices, which included the warning, similar to those Cohen received, that the cost of insurance would be considerably higher than Plaintiff could himself purchase and he would not receive the same coverage. He was further advised that Defendants would receive (or pay) a commission which would be chargeable to him. He failed to heed the warnings so Defendants purchased insurance to protect their interest in the property.

While Plaintiff argues that this is notice pleading so it is not necessary for him to go into great detail as to the kickback allegations, nevertheless the Seventh Circuit noted, to satisfy *Iqbal* and *Twombly,* it is necessary to state facts that are more than consistent with a defendant's liability. Here the sum and substance of the Plaintiff's kickback allegations are:

>    1. The "forced-placed" insurance is not individually under written and is placed without regard to the borrower's ability to afford the coverage (Paragraph 13);
>
>    2. The borrowers have no say in selection of policies or insurers (Paragraph 14);
>
>    3. The insurance charges are exorbitant, higher than what a borrower would expect to pay and are less comprehensive (Paragraph 15);

4. Instead of charging borrowers with the actual cost, Defendants enter into agreements with exclusive insurance companies which are disguised as kickbacks (Paragraph 17); and

5. The kickbacks include unearned commissions, expense reimbursements, "payment of reinsurance premiums that carry no commensurate transfer of risk, and free or below cost mortgage servicing functions that the insurance provider performs for Defendants (Paragraph 18).

The Seventh Circuit pointed out was that merely labeling a matter a "kickback" does not make it so. As the court further noted the "traditional understanding of a kickback: an agent, charged with acting for the benefit of a principal, accepts something of value from a third party in return for steering the principal's business to the third party. The defining characteristic of a kickback is divided loyalties." But here, as in *Cohen,* the Defendants were not acting on behalf of Plaintiff or representing his interests. Defendants were, instead, acting in their own interests which they had a contractual right to do and they clearly explained this to him.

Similarly Plaintiff is in trouble in his claim that Defendants overcharged him for home inspections, which he also labels as kickbacks. Clearly Defendants had the right to inspect the property after default and charge the Plaintiff for the cost.

However, Plaintiff is on firmer grounds in opposing Defendants' Motion to Dismiss on the breach of contract claim that Defendants charged him with home inspections that did not occur. If it is true that Defendants charged Plaintiff with inspection fees for fictitious inspections, such a claim could easily stand as one for breach of contract. Defendants argue that Plaintiff does not allege sufficient facts about which inspections did not occur and thus his Complaint does not give fair notice. They cite *Nationstar Mortgage, LLC v. Baronfeld,* 2014 WL 5361890 (D. New Jersey, Oct. 21, 2014). However *Baronfeld* was a fraud case with the heightened standard requirement of Rule 9, while this case is a breach of contract case. *See,* Paragraph E, infra. The issue can be revisited at the summary judgment stage.

Therefore, the Court dismisses the breach of contract claim, Count I, except to the extent that Plaintiff claims that he was charged for non-existent, fictitious inspections.

### B. Count II – Implied Covenant of Good Faith

Count II, implied covenant of good faith and fair dealing is likewise dismissed except to the extent of the claim for non-existent inspections. As the Seventh Circuit noted in *Cohen,* to be plausible the complaint must allege "more than a sheer possibility that a defendant has acted unlawfully. When the

allegations are 'not only compatible with, but indeed are more likely explained by lawful conduct the complaint fails to state a plausible claim for relief." As pointed out above, Defendants clearly had the right to purchase lender-placed insurance and to conduct home inspections and charge Plaintiff for them. Count II is dismissed with respect with the overcharges but denied with respect to the fictitious inspections.

### C. Count III – Unjust Enrichment

The claim for unjust enrichment must likewise be dismissed because Plaintiff has clearly pled the existence of a contract, *i.e.,* the mortgage and note. Plaintiff argues that he has only pled in the alternative but nowhere in his Complaint does he bring into question the validity of his mortgage. *People ex rel. Hartigan v. E & E Hauling, Inc.,* 153 Ill. 2d. 473, 497 (1992). There also is no allegation that Plaintiff paid any of the fees for inspection or insurance, so as to enrich defendants. Count III is dismissed with prejudice.

### D. Count IV – Truth in Lending Act

Plaintiff claims that the Defendants violated the Truth in Lending Act ("TILA") by the unauthorized purchase of Lender Placed Insurance. However, as has been shown above, the Complaint clearly alleges the existence of contractual provisions giving Defendants the contractual right to purchase

insurance in the event borrower fails to maintain insurance. As Plaintiff admits, Regulation Z exempts insurance premiums from the "finance charge" disclosure requirement if the loan documents allow the borrower to obtain insurance from an insurer of his choice. 12 C.F.R. § 226.4(d)(2)(i). Here the mortgage and the note clearly allow this. *Adams v. GMAC Corp.,* 1994 WL 702639 (N.D, Ill. December 14, 1994). Count IV ("TILA") is dismissed with prejudice.

**E. Count V - Federal Debt Collection Practices Act**

Count V attempts to allege a violation of the Federal Debt Collection Practices Act (the "FDCPA") based on the inspection fees and the alleged kickbacks. The "kickback" argument fares no better here than it does with regard to the breach of contract claim. Defendants argue that the "fabricated" inspection fees do not amount to a violation of FDCPA because they were fully disclosed in the loan statements, *i.e.*, Defendants disclosed that they were charging for inspection fees that were authorized by the mortgage agreement. "Lender may charge Borrower fees for services performed in connection with Borrower's default for the purpose of protecting Lender's interest in the Property and Rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection fees and valuations fees." To the extent

that Plaintiff contends that the billing fees are false, based on his argument that the fees were unnecessary, Count V is dismissed. To hold otherwise would create a triable FDCPA claim out of every case in which the borrower disagrees with the Lender over the amount of an authorized charge. This is not the law. The FDCPA only makes illegal charges that are not owed because the borrower never agreed to the debt. *Wilson v. Trott Law, P.C.,* 118 F.Supp.3d 953, 960 (E.D. Mich. 2015. The Plaintiff did not agree to pay for fictitious investigations which is what the Complaint alleges. However, the FDCPA is a fraud statute and therefore Rule 9's requirement of specificity applies (unlike in the breach of contract claim, *see,* infra). The Complaint is short on specifics with regard to the FDCPA claim as it relates to the fictitious inspections. The main shortcoming is the lack of specifics as to the fictitious inspections, *e.g.,* which charges were for fictitious inspections. Therefore, unlike the Court's ruling as to the breach of contract, the Motion to Dismiss is granted without prejudice.

### III. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Count I, except to the extent that Plaintiff claims that he was charged for non-existent inspections, is dismissed;

2. Count II is dismissed with respect to the overcharges, but denied with respect to fees charged for fictitious inspections;

3. Count III is dismissed with prejudice;

4. Count IV is dismissed with prejudice; and

5. Count V is dismissed without prejudice.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 2/8/2018